COTTON MILLS v. LOCAL 578.

HARRIET COTTON MILLS v. LOCAL UNION NO. 578, TEXTILE WORK-
ERS UNION OF AMERICA (AFL-CIO); TEXTILE WORKERS UNION
OF AMERICA (AFL-CIO); JOHNNY ROSE, CHARLIE THOMAS
DUKE, CLINT ROBERSON, HILTON PARRISH, WALTER C. WAT-
KINS, ANDREW PENDERGRASS, LeROY WILLIAMSON, WOODROW
GOODING, JOHN HENDERSON, HOMER ROBERTS, JR., DOUGLAS
ROSE, CARL NEAL, LEE HARRIS, HENRY HARRIS, CHARLIE
HARRIS, HERBERT PARRISH, RANSOM HARGROVE, JOYCE R.
MEDLIN, ESTHER C. ROBERSON, RACHEL PIRTLE, BOSHER EU-
BANKS, ETTA AYSCUE, LEWIS WRIGHT, CLYDE WOODLIEF,
GEORGE ROSE, MRS. GEORGE ROSE, EDITH J. PEOPLES,
BLANCHE LEWIS, WARREN WALKER, SALLY JOE WALKER, AL-
BERTA ROSE, RUBY R. CURRIN, MILTON CURRIN, DORTITH
THOMPSON, WILLIE JARRELL, FRED LEE COLLIER, WILLIAM
CHOPLIN, DAVID SAMUEL PULLEY, DARRELL HEDGEPETH,
LEWIS CLAYTON, MILO CLEATON, EARL BENNETT, THOMAS
STARNES, HERBERT INSCOE, CLARENCE AYSCUE, ANDREW
MEDLIN, OSCAR FAULKNER, RANDELL SMITH, LAWRENCE
PEACE, CURTIS ROSE, JOHN FAUCETTE, RALPH FAUCETTE, JES-
SIE ROBERSON, LOU VENE B. COGHILL, VIRGINIA R. PEOPLES,
SARAH D. PACE, ALVIN C. BREEDLOVE, LULA BARHAM, DORSEY
EATMAN, JAMES EATMAN, WILLIAM C. VOYLES, MYRTLE JOHN-
SON, MYRTLE P. PEOPLES, BRANSON BLAKE, MILDRED BLAKE,
HAROLD VIVERETTE, LONNIE FAISON, JOHNNY MARTIN, TOM
WILLIAMS, BENNIE EDWARDS, HORACE FAULKNER, MARY M.
WEAVER, LeROY NORRIS, JAMES HOLMES, MILDRED McGHEE,
BASIL GREEN, JOE JARRELL, FORREST McGHEE, CHESLEY YAR-
BOROUGH, ZOLA MAE AYSCUE, GOLDA GREY AYSCUE, DAYLON
AYSCUE, BLANCHE WHITE, JAMES R. ADCOX, JR., ANNIE TUR-
NER, RAYMOND B. HUDSON, ENGENE HUDSON, LILLIE JONES,
MATTIE A. PARRISH, RUBY C. ROSE, JOE FOWLER, ROBERT PAR-
RISH, MAUDE JARRELL, FLORENCE ROBERSON, JOE ROBERSON,
LIJAH PEOPLES, JAMES FREEMAN, OSCAR HEDGEPETH, JR.,
JIM STEVENSON, HOMER ROBERTS, JR., CHARLIE RAINES, JOE
PACE, MARVIN GRIFFIN, VOLLIE MANNING, ROY FRANCIS, ROB-
ERT GRISSOM, ALBERTA R. McGHEE, BOBBY JONES, CHARLIE
WEST, FRED LEE COGHILL, ROBERT RAINES, CLAUDIA GUPTON,
ELIZABETH MARKS, JAMES TART, ANDREW RAINES, BUD DUKE,
MORTON ROBERSON, THURSTON LIGGON, EDWARD F. TUCKER,
WILLIAM K. HARRIS, HOMER ROBERTS, SR., AND ALL OTHER PER-
SONS TO WHOM NOTICE AND KNOWLEDGE OF THIS ACTION MAY COME.

(Filed 25 November, 1959.)

1. Contempt of Court § 6—

A finding of the court in contempt proceedings that respondents with
knowledge of the import of a restraining order willfully participated
in a violation of its terms is conclusive when supported by the evidence
notwithstanding respondents' contentions that they were mere invol-
untary witnesses when the restraining order was violated by others.

**2. Contempt of Court § 3—**

   Knowledge of a person of the substance and meaning of a restraining order is sufficient knowledge of the order as the basis for a prosecution for contempt, and it is not required that such person have knowledge of the exact words used in the order.

**3. Constitutional Law §§ 31, 37:   Contempt of Court § 6:   Criminal Law § 155—**

   In proceedings under an order to show cause why respondents should not be held in contempt of court for the willful violation of a restraining order, the admission of affidavits tending to establish specific acts done by respondents will not be *held* for error when respondents do not challenge the admission of the affidavits or indicate any desire to cross-examine any affiant, and when no objection is made until after judgment, since respondents will be held to have waived their rights of confrontation.

HIGGINS, J., not sitting.

APPEAL by Lilly Jones, Fred Lee Collier, Johnnie Rose, Lula Barham, Andrew Medlin, Lizzie Cleaton, Daisy Leonard, Sarah Morefield, Hattie Ranes, Leonard Barham, Joseph Finn, Luke Hamm, Carl Neal, Bennie Edwards, Sally Jo Walker, Alberta McGhee, and Hilton Parrish from an order of *Bickett, J.*, entered in Chambers in VANCE on 7 March 1959, adjudging each in contempt of court, docketed and argued here as No. 386.

*Perry & Kittrell, Charles P. Green, A. W. Gholson, Jr., and Alton T. Cummings for plaintiff, appellee.*
*W. M. Nicholson, James B. Ledford, James J. Randleman, and L. Glen Ledford for appellants.*

RODMAN, J.   On 13 February 1959 a restraining order issued in the action begun by Harriet Cotton Mills against Local Union No. 578 of Textile Workers Union of America, Textile Workers Union of America, Johnny Rose, and numerous other individuals who had been employed by plaintiff. The pertinent provisions of that order are set out in No. 385 entitled *Harriet Cotton Mills v. Textile Workers Union, Johnny Martin, et al,* reported *ante*, 218.   The provisions of that order as there quoted are made a part of this opinion by reference. Lilly Jones, Fred Lee Collier, Johnnie Rose, Lula Barham, Andrew Medlin, Carl Neal, Bennie Edwards, Sally Jo Walker, Alberta McGhee, and Hilton Parrish were named as defendants and served with summons and copies of the restraining order. They are hereinafter designated as defendant appellants.

Lizzie Cleaton, Daisy Leonard, Sarah Morefield, Hattie Ranes, Leonard Barham, Joseph Finn, and Luke Hamm were not named as defendants in the original action nor were they served with copies of the restraining order. They are hereinafter designated as respondent appellants.

On 24 February plaintiff moved for an order requiring Carl Neal, Bennie Edwards, Sally Jo Walker, and Alberta McGhee to show cause why they should not be attached for contempt for violating the restraining order. The motion was based on acts described in an affidavit of Harvey T. Gupton.

On 26 February plaintiff moved for an order requiring Lizzie Cleaton, Daisy Leonard, Sarah Morefield, Hattie Ranes, Leonard Barham, Joseph Finn, and Luke Hamm to show cause why they should not be held in contempt. The motion was based on acts described in affidavits of C. C. Harris, Chief of Police of Henderson, and J. R. Wilkerson, Captain of Police of Henderson.

On the same day a similar motion based on an affidavit of C. C. Harris, Chief of Police, was made with respect to Lilly Jones, Fred Lee Collier, Johnnie Rose, Lula Barham, and Andrew Medlin. On 3 March a like motion, based on an affidavit of Harold Watkins was made with respect to Hilton Parrish.

Orders issued based on these motions requiring appellants to appear. The orders, with copies of the affidavits, were served on appellants. They answered. These answers deny commission of the acts charged. They do not deny knowledge of the restraining order. Each appellant verified his answer.

At the hearing plaintiff offered the affidavits on which the show cause orders were issued. No objection was made when the affidavits were offered. Affiants Harris and Wilkerson gave oral testimony at the instance of movant. They were cross-examined by counsel for appellants. No request was made to cross-examine the other affiants.

The violations here charged occurred in close proximity to the mill gates and near the bulletin board on which copies of the restraining order were posted. Each appellant was a witness in his own behalf and in several instances testified in behalf of other appellants. The testimony of appellants is sufficient to support a finding that acts were done at the times named in the affidavits which were prohibited by the restraining order. Their testimony establishes that they were at least witnesses to these acts. They insist that they took no part in the commission of the acts. This assertion is urged as a ground for their discharge. Whether appellants in fact willfully participated in a violation of the order as found by the court or were mere involun-

tary witnesses is a question of fact which was determined adversely to them by the court. The evidence is sufficient to support the finding.

Here, as in the contempt proceedings against Johnny Martin et al., No. 385, *ante,* 218, there is only one exception. It is broadside. The findings are sufficient to support the judgments holding each in contempt. Service of the restraining order fixed defendant appellants with notice of its provisions. There can be no doubt from the testimony of respondent appellants that they had knowledge of the restraining order, the purposes for which it was issued, and the acts prohibited. This is sufficient. It is not necessary to prove knowledge of the words and phrases used by the court to accomplish its purpose.

Appellants urge the same violation of constitutional rights which were asserted in the proceedings against Johnny Martin et al. in No. 385, *ante,* 218. Here there is less ground for the assertion than in that case. Here two of the affiants were present and were cross-examined by appellants.

Affirmed.

HIGGINS, J., not sitting.